UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

ST. PAUL FIRE AND MARINE            CASE NO. 06-60889-CIV-COHN/SNOW
INSURANCE COMPANY,

    Plaintiff,

vs.

LAGO CANYON, INC.

    Defendant/Third-Party Plaintiff

vs.

SUNSEEKER INTERNATIONAL, LTD.,
SUNSEEKER FLORIDA, INC., HMY
YACHT SALES, INC., and TROPICAL
MARINE AIR CONDITIONING, INC.,

    Third-Party Defendants
_____/

### ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT

**THIS CAUSE** is before the Court upon Third-Party Defendant Tropical Marine Air Conditioning, Inc.'s Motion to Dismiss the Third-Party Complaint and Motion for a More Definite Statement [DE 32]. The Court has carefully considered the Motion and Defendant/Third-Party Plaintiff Lago Canyon, Inc.'s Response [DE 40], and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") filed the instant

---

[1] Third-Party Defendant Tropical Marine Air Conditioning, Inc. did not file a reply and the time for filing a reply has passed.

declaratory action against Defendant Lago Canyon, Inc. ("Lago") claiming that damage suffered by the M/V Aqua Novia ("Vessel") when it sank on March 25, 2006 is not covered by the insurance policy issued by St. Paul to Lago.  Lago filed a counterclaim against St. Paul seeking payment under the policy.  Thereafter, Lago filed a Third-Party Complaint against Sunseeker International Limited, Sunseeker Florida, Inc., HMY Yacht Sales, Inc. and Tropical Marine Air Conditioning, Inc. ("Tropical").  Counts IV and V of the Third-Party Complaint state claims for breach of contract and negligence, respectively, against Tropical.  Specifically, Lago contends that it entered into an agreement with Tropical for maintenance to the Vessel's air conditioning system.  While tending to the air conditioning system, Tropical allegedly damaged the Vessel's raw water hose connection which contributed to the sinking of the vessel.  Tropical now seeks a more definite statement regarding the breach alleged in Count IV and moves to dismiss Count V as barred by the economic loss rule.

## II. SUFFICIENCY OF ALLEGATIONS FOR BREACH OF CONTRACT (COUNT IV)

Tropical moves for a more definite statement to further detail the allegations contained in Count IV of the Third-Party Complaint.  Specifically, Tropical seeks more specifics regarding the actual contract provision Lago contends was breached.  Lago responds that it has been unable to locate a written contract setting forth the express terms of the parties' agreement and it believes that the contract was likely an oral agreement reached when Lago phoned Tropical to request air conditioning maintenance services.  Lago contends that in light of the limited information currently in its possession, Count IV is sufficiently pled and additional information regarding the parties' agreement can be obtained through discovery.

"A motion for more definite statement is appropriate if a pleading 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" Betancourt v. Marine Cargo Management, 930 F. Supp. 606, 608 (S.D. Fla. 1996); see also Rule 12(e), Fed.R.Civ.P. "In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices." Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993); see also Bazal v. Belford Trucking Co., 442 F. Supp. 1089 (S.D. Fla. 1977). "Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond." Scarfato, 830 F. Supp. at 1443.

The Court finds that the information contained in Count IV of the Third-Party Complaint is sufficient to satisfy the liberal federal pleading standards. Count IV clearly states that the contract was either express or implied and discusses the scope of the agreement, specifically, the maintenance to the Vessel's air conditioning system. Further, Count IV alleges that the breach occurred when Tropical damaged the Vessel's raw water hose. These allegations are clear and unambiguous and provide Lago with sufficient facts upon which a response can be framed. Therefore, this portion of Tropical's Motion shall be denied.

III.  APPLICATION OF ECONOMIC LOSS RULE TO NEGLIGENCE CLAIM (COUNT V)

### A.  Motion to Dismiss Standard

In its Motion to Dismiss, Tropical asserts that Count V of the Third-Party Complaint should be dismissed for failure to state a claim upon which relief may be granted. It is long settled that "a complaint should not be dismissed for failure to state a

claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover.  Cramer v. Florida, 117 F.3d 1258, 1262 n. 8 (11th Cir. 1997); see also Marsh, 268 F.3d at 1023; Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)).

### B.  Economic Loss Rule Analysis

The economic loss rule represents the proposition that "[i]n the absence of personal injury or property damage, a party is generally not entitled to initiate an action in tort to recover an economic loss." Sarkis v. Pafford Oil Co., Inc., 697 So. 2d 524, 527 (Fla. 1st DCA 1997) (citing Casa Clara Condominium Assoc., Inc. v. Charley Toppino & Sons, Inc., 620 So. 2d 1244 (Fla. 1993)).  "This rule is based on the premise that parties to a contractual relationship have allocated their respective rights and remedies and consequently it is inappropriate to introduce tort remedies." Id.  "'Where the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not cause harm distinct from that caused by the breach of contract, a plaintiff is barred from bringing a separate tort action.'" Behrman v. Allstate Ins. Co., 388 F. Supp. 2d 1346, 1349 n.4 (S.D. Fla. 2005) (quoting Eye Care Int'l Inc. v. Underhill, 92 F. Supp. 2d 1310, 1315 (M.D. Fla. 2000)).  However, where damage is suffered by property other than that at issue in the contract, the economic loss rule does not bar a tort claim to recover for the damage to the "other property." See Saratoga Fishing Co. v. J.M. Martinac & Co., 520 U.S. 875 (1997); East River S.S.

Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 866-67 (1986); Casa Clara, 620 So. 2d at 1246 (economic loss rule "prohibits tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself").

The facts of the instant case can be analogized to the facts in Computech International, Inc. v. Milam Commerce Park, Ltd., 753 So. 2d 1219 (Fla. 1999). In Computech, the parties entered into a lease agreement whereby the plaintiff would lease warehouse space from the defendant. Id. at 1221. When the lease term ended, the plaintiff renewed the lease under the condition that the defendant would renovate the warehouse to make it better suited for the plaintiff's ongoing computer business. Id. The defendant hired a contractor whose actions caused damage to the computers located in the warehouse. Id. The Supreme Court of Florida determined that the plaintiff was entitled to bring claims for breach of contract and pursuant to Florida Statute § 553.84 which allows for a civil action against a party who causes damage by violating the state's building code. Id. at 1121, 1227. In so holding, the Court noted that "to the extent the warehouse is the object of the contract, the computers in the warehouse are indeed 'other property.' Therefore, recovery for damages to the computers is not precluded under the economic loss rule." Id. at 1226.

The definition of "other property" was further explained in the admiralty context in Saratoga. 520 U.S. 875 (cited by Computech, 753 So. 2d at 1226). In Saratoga, the Supreme Court held that the plaintiff could recover for damage to its vessel where, as a result of a defective hydraulic system on the original boat, the boat caught fire and sank. Id. at 884-85. The Court determined that the boat was the "product" and the

equipment and parts added to the boat after it was originally purchased by the plaintiff were "other property." As such, the plaintiff was entitled to recover in tort for the damage to the "other property."

In this case, as in Computech, Lago is suing Tropical for damage allegedly caused to property when maintenance and repair services were negligently performed on other proximately located property. Lago contends that Tropical's actions while servicing the air conditioner caused damage to the entire Vessel. The only product discussed in the parties' express or implied agreement was the air conditioning system. The Court finds that in this case, the air conditioner is the "product" at issue in the contract and the remainder of the Veseel is the "other property." Since damage occurred to the "other property," Lago's negligence claim is not barred by the economic loss rule and it is entitled to bring a tort action against Tropical for recovery of the damage suffered to the remainder of the Vessel. Tropical's Motion to Dismiss Count V will therefore be denied.

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Third-Party Defendant Tropical Marine Air Conditioning, Inc.'s Motion to Dismiss the Third-Party Complaint and Motion for a More Definite Statement [DE 32] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of February, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:
All counsel of record