UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 06-60889-CIV-COHN/SNOW

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Plaintiff,

vs.

LAGO CANYON, INC.

    Defendant/Third-Party Plaintiff

vs.

SUNSEEKER INTERNATIONAL, LTD.,
SUNSEEKER FLORIDA, INC., HMY
YACHT SALES, INC., and TROPICAL
MARINE AIR CONDITIONING, INC.,

    Third-Party Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO STRIKE THIRD PARTY DEFENDANTS' DEMAND FOR JURY TRIAL

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Third-Party Defendants' Demand for Jury Trial [DE 55]. The Court has carefully considered the Motion and Third-Party Defendants' Response [DE 56], and is otherwise fully advised in the premises. The motion became ripe on March 30, 2007, with the passage of the deadline for Plaintiff to file a reply

### I.  BACKGROUND

Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") filed the

above-captioned declaratory judgment action against Defendant Lago Canyon, Inc. ("Lago"), pursuant to this Court's admiralty jurisdiction.  The case arises out of a property damage claim filed by Lago under a marine insurance policy issued by St. Paul to Lago for coverage of Lago's vessel, the "Aqua Novia" (the "Policy").  The parties dispute whether the Policy requires St. Paul to pay for the damage suffered by the vessel.  The Complaint [DE 1] requests that the Court declare that 1) the loss complained of is not covered by the Policy (Count I), and 2) that any damage to the Aqua Novia was proximately caused by Lago's breach of the implied warranty of seaworthiness under general maritime law (Count II).  In response to the Complaint, Lago filed its Answer, Affirmative Defenses and Counterclaim [DE 5].   The Counterclaim asserted a claim against St. Paul for breach of the insurance contract. The counterclaim was filed pursuant to this Court's diversity jurisdiction (Counterclaim, ¶ 1.)  Thereafter, Lago filed a Demand for Jury Trial demanding a "trial by jury as to all issues so triable" [DE 8].

St. Paul moved to strike Lago's Demand for Jury Trial, alleging that a defendant is not entitled to a jury trial in actions brought pursuant to this Court's admiralty jurisdiction under Federal Rule of Civil Procedure 9(h) [DE 11].  The Court agreed with Plaintiff, and rejected Lago's contention that it should be entitled to a jury trial on its state law breach of contract action [DE 27].

In the meantime, Lago filed a third-party complaint against several third-party defendants, alleging state law claims for negligence, failure to warn and breach of contract resulting in the damage to the vessel in question [DE 22].  Lago does not

separately identify the jurisdictional basis of its Third-Party Complaint, other than to state that "this is an action arising out of the same incident which gave rise to Defendant's compulsory Counterclaim in this action." Third-Party Complaint, ¶ 1 [DE 22]. The four third-party Defendants eventually filed answers. The Third-Party Complaint, and the Answers of Third-Party Defendants HMY Yacht Sales, Inc. [DE 41] and Tropical Marine Air Conditioning, Inc. ("Tropical")  [DE 50], all demand a trial by jury.

## II.  ANALYSIS

Plaintiff now moves to strike the jury demands contained in the Answers to the Third-Party Complaint, based upon similar arguments made to the Court in the context of Lago's counterclaim. Third-Party Defendant Tropical Marine asserts that the cases relied upon by Plaintiff (and the Court in the prior Order), are distinguishable based upon the fact that in this case the Third-Party Defendants were brought in by Lago, who did not allege admiralty jurisdiction in its Third-Party Complaint. Tropical also asserts that Plaintiff lacks standing to seek to strike the demand with regard to the Third-Party Complaint, as Plaintiff is not a party to this part of the lawsuit.

As the Court stated in its November 24, 2006 Order [DE 27]:

> When a suit is filed under the admiralty jurisdiction of a federal district court, there is generally no right to a jury trial unless otherwise provided by statute. Harrison v. Flota Mercante Grancolombia, S.A., 577 F.2d 968, 986 (5th Cir. 1978)[1]. Federal Rule of Civil Procedure 9(h) provides, in relevant part:

---

[1]  The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82.

In its prior Order, the Court relied upon Harrison, as binding precedent in this Circuit, to conclude that because St. Paul elected to file this claim pursuant to Rule 9(h) and Lago's counterclaim arises out of the same operative facts as St. Paul's claims, both claims must be tried by this Court, not by a jury. Compare Harrison, 577 F.2d at 986-88 with Wilmington Trust v. United States District Court for the District of Hawaii, 934 F.2d 1026, 1030-31 (9th Cir. 1991) (plaintiff's election to proceed in admiralty does not affect another party's right to a jury trial); see also Concordia Co., Inc. v. Panek, 115 F.3d 67, 71 (1st Cir. 1997) (providing detailed listing of authority split).

Tropical in this case urges the Court to rely upon Wilmington Trust, a case from another Circuit, and seeks to distinguish Harrison. Tropical asserts that in Harrison, the plaintiff seaman amended his complaint to sue the fourth-party defendant directly in admiralty. That was certainly a factor in the Harrison decision rejecting the claim to a jury trial of the fourth-party defendant. 577 F.2d at 987-88.[2] In the present case, Plaintiff

---

[2] In Harrison, the plaintiff sued the vessel owner alleging negligence and unseaworthiness because of injuries the plaintiff suffered while employed as a longshoreman on one of the defendant's vessels. 577 F.2d at 973. The plaintiff suffered physical illness after exposure to a chemical that leaked from a barrel being transported on the vessel. Id. at 972. The defendant impleaded the plaintiff's employer alleging that the unseaworthiness was due to the employer's negligence. Id. at 973. The plaintiff's employer in turn filed a fourth-party complaint against the shipper of the substance for product liability and negligent failure to warn. Id. The district court denied the fourth-party defendant's demand for a jury trial, and the Fifth Circuit affirmed. Id. at 973, 988. The court cited the Advisory Committee Notes to Rule 9(h) which state that by including a simple statement in the complaint which places the claim

has not sued the Third-Party Defendants, and therefore is also not a party to the third-party complaint between its insured and the third-party defendants.

In Wilmington Trust, the Ninth Circuit held that counterclaims which carry the right to jury trial and allege an independent basis of federal jurisdiction are protected by the "savings to suitors" clause in 28 U.S.C. § 1333(1). 934 F.2d at 1032. A clear distinction in the present case is that the third-party claims do not allege an independent basis for federal jurisdiction, as Lago is identified in the Third-Party Complaint as a Florida corporation, as are three of the four Third-Party Defendants, including Tropical [DE 22, ¶ ¶2, 6-8]. Tropical argues that because Lago did not assert admiralty jurisdiction, no admiralty election has been made. However, Wilmington Trust requires an analysis of whether the claims are "cognizable" in admiralty. 934 F.2d at 1032. Tropical essentially concedes that Lago's claims "could have satisfied" the admiralty jurisdictional test. Third-Party Defendant's Response, p. 7 [DE 56]. Therefore, because Lago Canyon's claims are cognizable in admiralty and no independent basis of federal jurisdiction can be made, the savings to suitors clause does not preserve the Third-Party Defendants' right to jury trial.

---

under the auspices of the court's admiralty jurisdiction, the pleader has the power to determine the procedural consequences stemming from such an election. Id. at 987 (quoting Fed. R. Civ. P. 9(h), Advisory Committee Note, 39 F.R.D. 69, 75-76 (1966)). The Fifth Circuit therefore reasoned that the plaintiff had the power to decide whether its initial claim would proceed as a non-jury admiralty claim. Id. at 988. In part because the fourth-party claim arose out of the same operative facts which established admiralty jurisdiction for the plaintiff's original claim, the court concluded that the fourth-party defendant did not have a right to a jury trial that trumped the plaintiff's decision to file the case in admiralty. Id. at 987. The court also noted that but for the admiralty claim, it would not have jurisdiction over the third-party claim. Id.

However, Tropical does raise a valid issue regarding Plaintiff's standing to challenge the demand for jury trial in the Third-Party Defendants' Answers to the Third-Party Complaint.  It does not appear that Plaintiff has such standing.  As noted above, in Harrison, the plaintiff added a claim in admiralty to directly sue the fourth-party defendant that sought to retain a right to jury trial.  In this case, Plaintiff has not sued the Third-Party Defendants.  Tropical asserts that any potential claim of Plaintiff against Tropical has not ripened as it has not paid benefits under its insurance contract with Lago Canyon.

### III.  CONCLUSION

The Court concludes that Plaintiff's motion to strike the jury demand in the Third-Party Defendant's Answers should be denied, without prejudice, for lack of standing to assert such a motion at this time.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Third-Party Defendants' Demand for Jury Trial [DE 55] is hereby **DENIED, without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of April, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

All counsel of record on CM/ECF