UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 06-60889-CIV-COHN/SNOW

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Plaintiff,

vs.

LAGO CANYON, INC.

    Defendant/Third-Party Plaintiff

vs.

SUNSEEKER INTERNATIONAL, LTD.,
SUNSEEKER FLORIDA, INC., HMY
YACHT SALES, INC., and TROPICAL
MARINE AIR CONDITIONING, INC.,

    Third-Party Defendants
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO SEVER THIRD-PARTY CLAIMS;
ORDER GRANTING THIRD PARTY DEFENDANTS' AND DEFENDANT/THIRD
PARTY PLAINTIFF'S JOINT MOTION FOR A 90 DAY EXTENSION OF DEADLINES
AND TRIAL SETTING**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Sever Third-Party Claims [DE 59] and Third Party Defendants' and Defendant/Third Party Plaintiff's Motion for a 90 Day Extension of Deadlines and Trial Setting [DE 60]. The Court has carefully considered the Motions, Responses [DEs 61-65], Affidavit of Michelle Otero Valdes [DE 66], the underlying record in this case, and is otherwise fully advised in the premises.

Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") filed the above-

captioned declaratory judgment action against Defendant Lago Canyon, Inc. ("Lago"), pursuant to this Court's admiralty jurisdiction.  The case arises out of a property damage claim filed by Lago under a marine insurance policy issued by St. Paul to Lago for coverage of Lago's vessel, the "Aqua Novia" (the "Policy").  The parties dispute whether the Policy requires St. Paul to pay for the damage suffered by the vessel.  The Complaint [DE 1] seeks declaration that 1) the loss complained of is not covered by the Policy (Count I), and 2) that any damage to the Aqua Novia was proximately caused by Lago's breach of the implied warranty of seaworthiness under general maritime law (Count II).  After filing an unopposed Motion to Join Additional Parties [DE 20], Lago filed a third-party complaint against several third-party defendants, Sunseeker International Limited, Sunseeker Florida, Inc., HMY Yacht Sales,Inc., and Tropical Marine Air Conditioning, Inc. (collectively "Third-Party Defendants"), alleging state law claims for negligence, failure to warn, breach of implied warranty/failure to disclose, and breach of contract resulting in the damage to the vessel in question [DE 22].

St. Paul now moves to sever all third-party claims arguing that continuing to litigate the case as a whole complicates a simple declaratory action and puts additional and unnecessary pressure on St. Paul to participate in numerous depositions unrelated to its dispute with Lago.  Lago and the Third-Party Defendants oppose St. Paul's Motion and alternatively move for a 90 day extension of trial and discovery deadlines.  They argue that joinder of the third-party claims was proper since determining whether the damage to the vessel was proximately caused by one or more of the Policy's exclusions necessarily requires deciding what caused the damage.

St. Paul relies on Standard Fire Ins. Co. v. Boyce-Harvey Machinery, Inc., 202

F.2d 871 (5th Cir. 1953)[1], to support its motion for severance.  In <u>Standard Fire</u>, the owner of a yacht brought an *in personam* action against the company which insured the vessel against hull damage.  The insurance company sought to implead the shipyard as the perpetrator of the damage and its liability insurer as persons liable by subrogation.  The district court denied the motion for leave to implead and the Fifth Circuit affirmed.  The Fifth Circuit determined "[w]hether or not appellant is liable on its contract of insurance, and whether or not the shipyard is guilty of negligence or two entirely different matters, dependent for solution upon different facts and different principles of law, and probably involving a different measure of recovery."  <u>Id.</u> at 872.  The court further noted that under the primary claim, "the only issue is the extent of damage to the yacht, liability under the policy being admitted.  No question of negligence is involved."  <u>Id.</u>

      The instant case is readily distinguishable from <u>Standard Fire</u>.  In this case, St. Paul denies liability under the Policy.  To determine whether coverage exists, the Court must determine whether the damage arose from "accidental direct physical loss" or "any loss or damage caused by or resulting from wear and tear, electrolysis, lack of maintenance, corrosion, deterioration, mold or fiberglass blistering."  The latter are excluded under the Policy.  As such, the cause of the damage is directly relevant to the determination of coverage.  Even more telling is the fact that St. Paul did not oppose

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  <u>Bonner v. Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Lago's Motion to Join Additional Parties. It cannot now, in hindsight, complain that impleading the Third-Party Defendants was improper merely because the litigation has become increasingly more arduous. Accordingly, St. Paul's Motion shall be denied. Further, in light of the complexity of the case and the scheduling conflicts of the parties, Lago and Third-Party Defendant's Motion for Extension and Continuance shall be granted.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Sever Third-Party Claims [DE 59] is **DENIED**;

2. Third Party Defendants' and Defendant/Third Party Plaintiff's Motion for a 90 Day Extension of Deadlines and Trial Setting [DE 60] is **GRANTED**;

3. The deadlines in this matter shall be reset by separate order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of July, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

All counsel of record