UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 06-60889-CIV-COHN/SELTZER

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

        Plaintiff/Counter-Defendant,

vs.

LAGO CANYON, INC.

        Defendant/Counter-Plaintiff

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND GRANTING PLAINTIFF'S VERIFIED BILL OF COSTS

THIS CAUSE is before the Court upon Defendant Lago Canyon, Inc.'s ("Lago") Verified Motion for Attorney's Fees [DE 271] ("Lago's Motion for Fees"), Plaintiff St. Paul Fire and Marine Insurance Company's ("St. Paul") Verified Bill of Costs [DE 272] ("St. Paul Motion for Costs"), and Lago's Bill of Costs [DE 273] ("Lago Motion for Costs").  The Court has reviewed these motions, St. Paul's Response to Lago's Motion for Fees [DE 287], Lago's Reply [DE 289], St. Paul's Supplemental Response [DE 294], Lago's Supplemental Reply [DE 296], and is otherwise advised in the premises.

### I. BACKGROUND

On May 6, 2008, upon the conclusion of a four day bench trial, the Court entered its Findings of Fact and Conclusions of Law [DE 269].  The Court found that the partial sinking of the Aqua Novia (the "Vessel") was not a covered fortuitous loss under the

1

marine insurance policy issued by St. Paul. The proximate cause of the loss was the corrosion of the hose barb and corrosion was a specifically excluded cause of loss under the policy.   However, the policy provided $7,500 for Commercial Towing/ Emergency Services if the loss was not covered. The Court found that Lago was entitled to $7,500 to satisfy a portion of the Cape Ann Towing & Salvage $18,500.00 emergency labor bill.

The Final Judgment [DE 270] was entered on the same day. Declaratory Judgment was entered in favor of St. Paul because the loss was not covered under the marine insurance policy. Judgment was also entered in favor of Lago in the amount of $7,500.00 for Commercial Towing/Emergency Services.

Lago argues that pursuant to Fla. Stat. § 627.428, it is entitled to recover its attorney's fees of $159,140.00. (Lago Motion for Fees, DE 271.) Lago also argues that it is entitled to recover its expenses and costs in the amount of $23,743.79. (Id.; Lago Motion for Costs, DE 273.) Lago recognizes that the results obtained do not necessarily warrant an award of the entire amount of its attorney's fees. (Id., at p. 2.) In his Affidavit of Reasonableness, John F. Phillips recommends that based upon the results obtained, Lago's attorney's fees should be decreased to $100,000.00. (Affidavit of Reasonableness, DE 271-5, p. 2.) This recommendation is made without any further explanation or itemization.

St. Paul argues that it is the prevailing party because the alleged $1.2 million in damages were not covered under the marine insurance policy. (St. Paul Motion for Costs, DE 272.) Consequently, St. Paul moves for its costs of $17,330.19 under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §1920.

## II. ANALYSIS

### A. Attorney's Fees Pursuant to Florida Statute § 627.428

Florida Statute § 627.428 creates a substantive right to attorney's fees and can
be used to award attorney's fees against an insurer in a maritime insurance contract
action. All Underwriters v. Weisberg, 222 F.3d 1309, 1312 -1315 (11th Cir. 2000).  This
statute applies when "the insured prevails in a suit it brought against its insurer and
when the insured prevails in a suit brought against it by its insurer." Prime Ins.
Syndicate, Inc. v. Soil Tech Distributors, Inc., 270 Fed. Appx. 962, 963 (11th Cir. March
27, 2008).[1] The statute provides that:

> Upon the rendition of a judgment or decree by any of the courts of this
> state against an insurer and in favor of any named or omnibus insured or
> the named beneficiary under a policy or contract executed by the insurer,
> the trial court or, in the event of an appeal in which the insured or
> beneficiary prevails, the appellate court shall adjudge or decree against
> the insurer and in favor of the insured or beneficiary a reasonable sum as
> fees or compensation for the insured's or beneficiary's attorney
> prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).  The statute must be strictly construed because "an award of
attorneys' fees is in derogation of common law." Pepper's Steel & Alloys, Inc. v. U.S.,
850 So.2d 462, 465 (Fla. 2003).  The statute does not require that the insured succeed
on the merits of the case in order to recover attorney's fees. Soil Tech Distributors,
Inc., 270 Fed. Appx. at 964. The purpose of the statute is to "discourage insurers from
contesting valid claims and to reimburse successful policy holders forced to sue to

---

[1] The interaction between the statutory entitlement to attorney's fees and an offer
of judgment is not an issue before the Court because no offer of judgment was made.
See e.g., Danis Indus. Corp., 645 So.2d at 421; State Farm Mutual Automobile Ins. co.
v. Nichols, 932 So.2d 1067 (Fla. 2006); see also Lago Reply, DE 289, p. 2.

enforce their policies." <u>Danis Industries Corp. v. Ground Improvement Techniques, Inc.</u>, 645 So.2d 420, 421 (Fla. 1994). Additionally, the statute is intended to encourage extrajudicial resolution of insurance disputes, to place the insured in the place she would have been if the carrier had seasonably paid the claim, and to "level the playing field so that the economic power of insurance companies is not so overwhelming that injustice may be encouraged because people will not have the necessary means to seek redress in the courts." <u>Grow v. First Nat. Ins. Co.</u>, 2008 WL 141481, *2 (N.D. Fla. Jan 11, 2008) (<u>quoting</u> <u>Ivey v. Allstate Ins. Co.</u>, 774 So.2d 679, 684 (Fla. 2000)). Attorney's fees are not justified under Fla. Stat. § 627.428 if the insurer did not wrongfully withhold benefits. <u>Id.</u>, at *3.

The prevailing party test does not apply to fee applications under Fla Stat. § 627.428. <u>Danis Industries Corp.</u>, 645 So.2d at 421. Therefore, even though Lago did not prevail on its argument that the $1.2 million in damages were covered under the policy, Lago did obtain a Commercial Towing/Emergency Services Judgment against its insurer and is entitled to attorney's fees under Fla. Stat. § 627.428(1). The Commercial Towing/Emergency Services amount should have been paid by St. Paul even if it viewed the loss as an uncovered loss. Consequently, the purpose of the statute, to discourage insurers from contesting valid claims, is fulfilled by awarding Lago attorney's fees for obtaining this judgment. <u>Id.</u>

When determining the fee award, the Court may take into account "the fact that the insured or beneficiary has not prevailed on all issues and the degree to which this has extended the litigation or increased its costs." <u>Danis Industries Corp.</u>, 645 So.2d at 421; <u>see</u> <u>also</u> <u>Lumbermens Mut. Cas. Co. v. Percefull</u>, 638 So.2d 1026, 1030 (4th DCA

1994) (directing trial court to determine the amount of the fees allocable to the issues upon which appellee prevailed). Lago did not succeed on its claim that the $1.2 million in damages were covered under the policy issued by St. Paul. (Counterclaim, DE 5, p. 6.) Lago recovered $7,500.00 for Commercial Towing/Emergency Services because the loss was not covered.

St. Paul argues that according to Lago's own time sheets and its responses to interrogatories, Lago's attorney's fees allocable to obtaining its Commercial Towing/Emergency Services Judgment total $4,575.00. (St. Paul Response, DE 287, p. 5; Interrogatories, DE 287-2, p. 4-5.) In support of this argument, St. Paul provides the affidavit of Christian D. Keedy. Mr. Keedy attests that upon a review of the documents and a "very generous analysis of the time spent by defense counsel," Lago's attorney's fees allocable to the judgment obtained were $4,575.00. (Keedy Affidavit, DE 287-3, p. 3.) St. Paul does not appear to contest the reasonableness of the hourly rates charged by Lago's counsel.

Lago did not specifically respond to the affidavit of Christian Keedy. Lago only "acknowledges that the Court must look to the 'results obtained' in determining a reasonable fee" and argues that Lago had no choice but to fight to secure whatever coverage it could. (Lago Reply, DE 289, p. 3.) The only further information provided is a recommended blanket reduction of Lago fees to $100,000.00 without any itemization or explanation of how this reduction was calculated.  (Affidavit of Reasonableness, DE 271-5, p. 2.)[2]

---

[2] The parties also engaged in significant discussion concerning whether the fee arrangement between Lago and its attorney was contingent. (St. Paul's Supplemental

The lodestar method is used to determine a reasonable attorney's fee. See e.g. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988)[3]; Bell v. U.S. B. Acquisition Company, Inc., 734 So.2d 403 (Fla. 1999)[4]. The lodestar method calculates a reasonable attorney fee award by multiplying the reasonable hourly rate times the reasonable number of hours expended, resulting in a lodestar figure which may be reduced or enhanced depending upon the results obtained and contingency risk factors. Bell, 734 So.2d at 406 - 407. St. Paul has not contested the hourly rate of $250 - $275 charged by Lago's counsel. Lago has not specifically responded to the hours suggested by St. Paul nor has it requested a multiplier. Rather, Lago appears to agree that its attorney's fees should be reduced based on the results obtained.

The Court observes that there was nothing significantly novel, complex or difficult

---

Response, DE 294; Lago's Supplemental Reply, DE 296; Lago's Notice of Service , DE 297.) The Court is satisfied that the cancelled checks substantiate that the fee arrangement was not contingent.

[3] Norman states that the following twelve factors set forth by the former Fifth Circuit in Johnson v. Georgia Highway Express, 488 F.2d 714, 719 (5th Cir. 1974), are still relevant in establishing a reasonable hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. It is noted that the federal criteria is essentially the same as the Florida state law criteria.

[4] "In public policy enforcement cases we [the Florida Supreme Court] adopted the federal approach of Blanchard that utilizes multiple factors to arrive at a reasonable attorney's fee." Bell, 734 So.2d at 408 (citing the Johnson factors).

about this litigation though it may have been hotly contested as Lago describes. It was a coverage issue regarding the cause of water intrusion. Upon a review of the factors in <u>Bell</u> and <u>Rowe</u>, supra, the Court finds that the fee charged by Attorney Jennings is reasonable and the hours suggested by St. Paul are a reasonable reflection of the time Lago spent in obtaining its Commercial Towing/Emergency Services Judgment. (Keedy Affidavit, DE 287-3, p. 3.) Taking into account that Lago did not prevail on the issue of coverage under the policy, the Court finds that Lago is entitled to recover $4,575.00 as reasonable attorney's fees under Fla. Stat. § 627.428.

### B. <u>Costs Pursuant to Federal Rule of Civil Procedure 54</u>

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . ." A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920.

A prevailing party is defined as "one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant." <u>Morillo-Cedron v. District Director for the U.S. Citizenship and Immigration Services</u>, 452 F.3d 1254, 1257 (11th Cir. 2006) (<u>citing Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health and Human Res.</u>, 532 U.S. 598, 604 (2001). "A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." <u>Head v. Medford</u>, 62 F.3d 351, 354 (11th Cir.1995) (internal quotations and citations omitted). There need not be only one prevailing party

7

in an action, one party may prevail on one claim while the opposing party prevails on another. Powell v. Carey International, Inc., 548 F. Supp.2d 1351, 1356 (S.D. Fla. 2008).

Lago's only claim was for the partial sinking of the Vessel which resulted in $1.2 million in damages. (Counterclaim, DE 5) Lago did not succeed in obtaining coverage. The amount awarded to Lago resulted from the uncovered loss. Declaratory Judgment was entered in favor of St. Paul because the loss from the partial sinkage was not covered under the marine insurance policy. Therefore, St. Paul was the prevailing party. Lago has not specifically objected to any of the costs sought by St. Paul. Indeed, no response to St. Paul's Motion for Costs was filed. As a result, the Court awards St. Paul it's costs in the amount of $17,330.19.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Lago Canyon, Inc.'s Verified Motion for Attorney's Fees [DE 271] is **GRANTED IN PART**. Lago shall recover $4,575.00 in attorney's fees from St. Paul.

2.  Plaintiff St. Paul Fire and Marine Insurance Company's Verified Bill of Costs [DE 272] is **GRANTED**. St. Paul shall recover $17,330.19 in costs from Lago.

3.  Defendant Lago Canyon, Inc.'s Bill of Costs [DE 273] is **DENIED**.

4.  A separate Final Judgment will be entered in accordance with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 26th day of January, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies Furnished to All Counsel of Record.