UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 06-60889-CIV-COHN/SELTZER

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

        Plaintiff,

vs.

LAGO CANYON, INC.,

        Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS SECOND AFFIRMATIVE DEFENSE TO COUNTS I AND II OF PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, the Plaintiff, ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("St. Paul"), by and through undersigned counsel, and hereby files its Memorandum in Opposition to Defendant LAGO CANYON, INC.'S ("Defendant" or "Lago") Motion for Leave to Amend its Second Affirmative Defense to Counts I and II of Plaintiff's Complaint for Declaratory Relief and as grounds therefore state as follows:

**Background**

Plaintiff filed its Complaint and commenced this litigation on June 20, 2006 [DE- 1]. Lago filed its Answer and Counterclaim in the action on August 28, 2006 [DE – 6]. St. Paul filed its answer and affirmative defenses to Defendant's counterclaim on September 14, 2006 [DE – 13]. This matter was tried to the Court during a four-day bench trial conducted on March

24 through 27, 2008. On May 5, 2008, this Honorable Court entered its Findings of Fact and Conclusion of Law [DE – 269].

At the point in time when the Court entered its findings, the litigation was about 5 weeks shy of its third birthday; 269 entries had been made on the Court's docket. Not one of them sought to amend Lago's pleadings.

On June 5, 2008, Lago filed its notice of appeal to the Eleventh Circuit Court of Appeals [DE - 274]. On May 27, 2009, the Court of Appeals issued its mandate on appeal, remanding the case to the district court for additional bench trial proceedings on the specific issues of (i) Lago's entitlement, if any, to prejudgment interest and (ii) whether the use of yellow brass in the corroded hose bib constituted a manufacturer's defect and, if so, how that finding affected the trial court's conclusions regarding proximate cause of the loss and coverage under the policy [DE – 301, pp 19 - 20].

On June 10, 2009, or almost four years from the date of the original complaint, the parties filed their joint proposed scheduling order [DE – 305] which states, in pertinent part:

> 3.   <u>Proposed Limits on Time: Joinder of Parties, Amendment of Pleadings, Motion Practice, and Mediation:</u>
>
> Given that this matter is before the Court on a limited remand for further bench trial proceedings on defined issues as ordered by the decision of the U.S. Court of Appeals for the Eleventh Circuit [DE-301], the Parties propose a limited Pre-Trial Schedule. The Parties do not anticipate that any joinder of parties, amendment of pleadings and/or mediation will be required, except possibly as discussed in Section 5 below.
>
> \*   \*   \*
>
> 5.   <u>The Necessity or Desirability of Amendments to the Pleadings:</u>
>
> As set forth in Section 15 below, the parties disagree as to whether the "choice of materials" by Sunseeker as complained of by Defendant includes not only the high zinc content of the brass fitting which failed, but also its placement connected to a stainless steel pipe. Depending on the Court's determination of the issue, Defendant may seek to amend to make it clear that both of these issues are regarded as design defects and Plaintiff will correspondingly seek to amend to make clear that both of these issues are not design defects.

On June 11, 2009, this Court entered its Scheduling Order compelling the submission of any motions pertaining to the amendment of pleadings by July 15, 2009 [DE – 306]. On July 31, Lago untimely filed its motion for leave to amend its affirmative defenses [DE – 317]. Specifically, Lago seeks to amend its second affirmative defense to Counts I and II of Plaintiff's Complaint to read as follows:

> II.   **Covered Loss**.   The sinking was caused by one or more contributing factors which were covered risks under the policy, including as the proximate or efficient cause, whether by conscious decision or by lack of care in design and/or production of the Vessel and its components, the use by Sunseeker of a material unsuitable for a mariner saltwater environment for a hose barb, exposed to flowing seawater, coupled to a larger stainless steel pipe, located where it was difficult to inspect, and covered by a hose so that its composition and condition were not readily ascertainable, which hose barb was therefore subject to premature dezincification and galvanic action not readily discoverable upon inspection, which represented a "manufacturer's defect" for which the subject policy of insurance provides affirmative coverage.

As grounds for its motion Defendant alleges that despite its belief that its original defense, as drafted, meets the requirements governing Federal notice pleading, Lago has determined, nevertheless, that "an orderly presentation of the issues in this case would be facilitated by alleging this defense with greater particularity." Lago maintains that its proposed amended affirmative defense does not substantially prejudice St. Paul, nor delay the disposition of the case. Finally, Lago states that none of the allegations in the proposed amendment should come as a surprise to the Plaintiff.

## MEMORANDUM OF LAW

<u>The Court of Appeals' Mandate Constitutes the Law of the Case and Governs the Issues for Trial on Remand</u>

In the portion of its opinion relevant to this discussion the Eleventh Circuit found that the trial court erred when it concluded that the insurance policy did not cover loss attributable to a

manufacturer's design defect. The Panel concluded that the phrase "manufacturer's defect" as used in the St. Paul policy of insurance includes "defects attributable to the manufacturer whether in the manufacturer's design or manufacturing of the product." Because the district court did not construe the policy to cover loss attributable to the manufacturer's design defect, the district court did not address issues such as whether "the use of yellow brass rose to the level of a manufacturer's design defect and, if so, what impact this had on the multiple causation issues in the case and the court's other fact findings." Because the trial court did not include design defect within the policy definition of manufacturer's defect, it did not address "the interplay between the manufacturer's defect coverage and the corrosion exclusion or what impact such a design defect had on its causation findings." Accordingly, the Panel remanded the case to this Court to address these issues consistent with the appellate court's ruling "as to the manufacturer's defect issue." [DE – 301, pp. 18 – 20].

The first item to note in reviewing the Eleventh Circuit's mandate in this case is that the appellate court did not grant the Defendant a new trial. The court expressly affirmed the district court's findings "except as to the issue of manufacturer's defect" and remanded the case for "further bench trial proceedings as to the alleged 'manufacturer's defect'"[1] In its opinion the Eleventh Circuit concluded that the trial court erred in its interpretation of the phrase "manufacturer's defect" as used in the St. Paul policy. The Panel made it quite clear, however, that a re-trial of the Court's numerous other findings was not required: "We do not mean that the district court must hear all the evidence again, but only the parties should be able to supplement the record before the district court rules on the remaining issues." (emphasis supplied) [DE – 301, p 21]. Thus, it is evident that the appellate court was carving out a limited remit to the

---

[1] The Panel also remanded the case for a determination on the issue of prejudgment interest, but this is not relevant to Defendant's motion and to simplify matters St. Paul will refer solely to the "manufacturer's defect" remand in this Memorandum.

district court and the parties on remand. The Panel did not invite – let alone order - the district court or the parties to frame any additional issues outside those raised and discussed in pages 18 through 20 of its opinion.

When the Eleventh Circuit issued its ruling affirming the district court's findings, with exception as noted, this ruling became the law of the case. As explained by the Eleventh Circuit in *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1512 (11th Cir. Fla. 1987):

> The law of the case doctrine was created to ensure that authority and responsibility remain properly allocated among the courts. The doctrine is based on the premise that an appellate decision is binding in all subsequent proceedings in the same case unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice.

The law of the case binds not only the trial court, but the Eleventh Circuit as well. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1292 (11th Cir. Fla. 2005).

When the appellate Panel in Lago Canyon issued its remand to the trial court for further bench trial proceedings on the issues outlined on pages 18 – 20, the Court was issuing its "mandate". Again in *Litman, supra*, the appeals court clarifies that:

> The mandate rule is simply an application of the law of the case doctrine to a specific set of facts. … The law of our circuit concerning the obligations of a district court to follow our mandates is settled. … When an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order. A different result would encourage and invite district courts to engage in *ad hoc* analysis of the propriety of appellate court rulings. Post mandate maneuvering in the district courts would undermine the authority of appellate courts and create a great deal of uncertainty in the judicial process. It would also eliminate any hope of finality.

There is no need for the Defendant to amend its Answer before trial on remand because, first, the appellate court's characterization of the issues for trial on remand is dispositive. The *Litman* court, in quoting from the U.S. Supreme Court decisions *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S. Ct. 291, 293, 40 L. Ed. 414 (1895) and *Sibbald v. United States*, 37 U.S.

(12 Pet.) 488, 492, 9 L. Ed. 1167 (1838) circumscribed the district court's role in reviewing an appellate court's mandate as follows: "A district court when acting under an appellate court's mandate, 'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'"

Thus, to the extent that an amendment of the Answer attempts in any manner to qualify the description in the Panel's mandate of the remaining issues to be tried on remand it is in derogation of the existing law of this Circuit. If the amendment does not seek in some respect to expand, limit, enhance, explain, or otherwise affect the Eleventh Circuit's mandate, then why is any amendment helpful? If the Defendant's amendment seeks none of these things, then St. Paul respectfully suggests that Defendant should withdraw the motion as futile; See, *Calkins v Midland Funding NCC-2 Corp.* (2006, WD Mich) 412 F Supp 2d 699. (Plaintiff's motion for leave to amend his complaint was denied as futile because, even if it were granted, it would not affect court's analysis of defendant's motion for summary judgment.)

Second, the appellate court's mandate for the conduct of trial on remand is self-contained. The issues set forth by the court do not require any additional pleadings in order for the parties to respond and the district court to rule. The Panel's mandate extended to the parties an opportunity "to supplement the record" to assist the district court in making the required findings; nothing was said about any necessity to supplement the pleadings. The reason that the pleadings do not require amendment at this stage is straightforward: the Lago Canyon Panel's mandate has supplanted the pleadings. The mandate usurped the parties' role in fashioning the remaining issues for trial on remand and replaced it with the description of issues stated on pages 18 – 20 of the opinion. Nothing further is required or permissible.

Defendant's Answer Satisfies the Requirements of Federal Notice Pleading

The Federal Rules of Civil Procedure provide in pertinent part in Rule 8:

1) In General. In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it;

The purpose of the Rule 8(b)(1)(A) requirement is to provide the Plaintiff with notice of the Defendant's defenses to the claim. As stated by the court in *Budd Co. v. United States*, 19 F.R.D. 346, 349 (E.D. Pa. 1956): "It is well recognized that the above-mentioned rule requires the defendant to give the plaintiff notice of the defenses which it shall be called upon to meet." (citing Vol. 2 *Moore's Federal Practice* (2nd Ed.), §§ 8.21 & 8.23); Accord: *Cyclops Corp. v. United States*, 408 F. Supp. 1287, 1302 (W.D. Pa. 1976).

Finally, the proposed amendment seeks to introduce new issues into the litigation. The new issues raised include "negligent design" in addition to design defect, "negligent manufacture" in addition to a manufacturer's defect and "negligent placement" of the fitting in a location where it was difficult to inspect and covered by a hose. To the extent that the amendment sought seeks to add new issues to the litigation at this late date, it is clearly impermissible. To the extent that Lago Canyon argues that these issues have already been raised by the pleadings (Plaintiffs contend that they have not been so raised) then the amendment is unnecessary and futile.

St. Paul is well-aware of the defenses which it currently will be called upon to meet. While Plaintiff did not concede the relevance of Defendant's aspersions on the quality of the construction of the yacht's air conditioning hose bib until after the Eleventh Circuit's ruling, it nevertheless was fully apprised of Lago's then position – Defendant made the arguments in its trial and appellate briefs. Moreover, Lago affirms in its motion that it "believes its Second Affirmative Defense, as pled, satisfies the requirements of notice pleading under federal

practice..." Accordingly, it appears that both of the parties agree that the Defendant's Second Affirmative Defense, as pled, satisfies the requirements of Rule 8. It is, therefore, by definition, sufficient as pled. Since that is the case, there is no reason for amendment.

Despite recognizing the sufficiency of its Second Affirmative Defense as pled, Lago posits that "an orderly presentation of the issues in this case would be facilitated by alleging this defense with greater particularity." Firstly, with respect, if the parties are in agreement as to the issues to be tried, an amendment to the pleadings is unnecessary for an orderly presentation of the issues at trial. There is no indication in the Rules that a party must continually craft his pleadings until they achieve perfection. Notice is what is required. However, much more importantly in this case, the Court of Appeals has stated, authoritatively and definitively, the remaining issues for the parties to present to the court at trial on remand. At this point, to a large extent, the parties' pleadings are irrelevant. The only document relevant to the presentation of the issues for trial on remand is the Court of Appeals' mandate. As discussed above, the court and the parties are precluded from attempting to perfect the appellate court's delineation of what issues remain to be tried in the case.

Amendment of Defendant's Second Affirmative Defense is Futile

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part:

Amendments Before Trial.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

It is soundly within the trial court's discretion whether to grant Defendant's motion to amend its Second Affirmative Defense. *Id.*; *Saewitz v. Lexington Ins. Co.*, 133 Fed. Appx. 695, (11th Cir. Fla. 2005). "In making this determination, a court should consider whether there has

been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Saewitz, supra,* 133 Fed. Appx. at 699.

In the instant litigation amendment of the pleadings at this point in time is simply an act of futility. As noted, the appeals court has defined the issues remaining to be tried on remand. The district court, let alone the parties, is prohibited from modifying the appeals court's expression of the issues for trial on remand. Amendment of Defendant's affirmative defense at this point in the litigation accomplishes nothing; it is a useless act. Accordingly, the Court should exercise its discretion and preclude any amendment to the pleadings.

Conclusion

There simply is no reason for the Defendant to amend its Second Affirmative Defense in this stage of the proceeding. Relevant to this motion the Court of Appeals has affirmed the district court's decision in all respects save for the remand for further bench proceedings on the issues stated in pages 18 – 20 of its opinion. The appellate court defined the issues that it wants the parties to address and the district court to rule in its mandate. Once issued, the mandate became the law of the case and binds the district court and the parties with respect to further proceedings. The mandate defines the additional proceedings required of the district court and the parties. Neither the district court nor the parties have the authority to qualify the Eleventh Circuit's mandate. Thus, to the extent that an amendment to Lago's Second Affirmative Defense would in any manner alter the appellate court's mandate it is in derogation of the law in this Circuit. To the extent that it is a repetition of the appellate mandate it is surplusage. To the extent that Lago Canyon seeks to introduce new issues into the litigation, it is untimely and improper. Because of the foregoing, the proposed amendment is futile and should be denied under Rule 15 of the Federal Rules of Civil Procedure.

Accordingly, there is no reason to permit an amendment of Lago's Second Affirmative Defense and the Defendant's motion should be denied.

**WHEREFORE**, the Plaintiff requests this Honorable Court to enter an Order denying Defendant's Motion for Leave to Amend its Second Affirmative Defense to Counts I and II of Plaintiff's Complaint for Declaratory Relief

Respectfully submitted,

ANDREW ANDERSON, ESQ.
Florida Bar No.: 213144
MICHELLE OTERO VALDÉS, ESQ.
Florida Bar No.: 14990
LAWRENCE JACOBSON, ESQ.
Florida Bar No.: 846201
HOUCK ANDERSON P.A.
Attorneys for Defendant
200 S. Biscayne Boulevard, Suite 300
Miami, Florida 33131-2332
Tel. (305) 372-9044
Fax (305) 372-5044

## CERTIFICATE OF SERVICE

I hereby certify that on August __12__, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Lawrence Jacobson

## SERVICE LIST

### St. Paul Fire and Marine Ins. Co v. Lago Canyon, Inc., etc.

U.S. District Court, Southern District of Florida Case No: 06-60889-COHN/SELTZER

All of the below are being served through ECF:

**Attorneys for St. Paul Fire and Marine Insurance Company**
Andrew W. Anderson, Esq.
Michelle Otero Valdés, Esq.
Lawrence Jacobson, Esq.
Houck Anderson PA
200 S. Biscayne Blvd., Suite 300
Miami, Florida 33131
Telephone: (305) 372-9044
Facsímile: (305) 372-5044
Email: motero@houckanderson.com
aanderson@houckanderson.com

**Attorneys for Lago Canyon, Inc**
Robert L. Jennings, Esq.
Jennings & Valancy, P.A.
311 SE 13th Street
Ft. Lauderdale, FL 33316
Telephone: (954) 463-1600
Facsimile: (954) 463-1222
Email: hbrj@aol.com