UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 06-60889-CIV-COHN/SELTZER

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

vs.

LAGO CANYON, INC.

      Defendant/Counter-Plaintiff

_____/

**ORDER GRANTING MOTION TO VACATE, GRANTING MOTION FOR PREJUDGMENT INTEREST, AND DENYING MOTION TO AMEND**

**THIS CAUSE** is before the Court upon Defendant's Motion to Vacate Final Judgment Awarding Costs and Order Granting Plaintiffs' Verified Bill of Costs [DE 310] ("Motion to Vacate"), Defendant's Motion for Award of Prejudgment Interest [DE 314] ("Motion for Prejudgment Interest"), and Defendant's Motion to Amend its Second Affirmative Defense to Counts I and II of Plaintiff's Complaint [DE 317] ("Motion to Amend").  The Court has carefully considered all of the parties' submissions, the record in the case, and is otherwise advised in the premises.[1]

I. BACKGROUND

Defendant Lago Canyon, Inc. ("Lago") owns a yacht that partially sank at a dock while undergoing engine repairs, causing over $1.2 million in damages.  Plaintiff, St.

---

[1] Defendant Lago Canyon, Inc. failed to file a reply in support of the Motion to Vacate, the Motion for Prejudgment Interest, or the Motion to Amend.  The dates for filing such replies have passed.

Paul filed a complaint for a declaratory judgment to determine coverage under a marine insurance policy it had issued to Lago ("the Policy"). Lago counterclaimed for breach of the Policy.

After a three-day bench trial, the Court found the following: (1) the proximate cause of the damage was the failure of a brass hose barb which resulted from corrosion, (2) the Policy specifically excluded corrosion, and (3) a provable manufacturer's defect was not shown. The Court, however, did find that the manufacturer's use of yellow brass for the hose barb, knowing its exposure to saltwater, created a condition likely to cause corrosion. This was considered by the Court as a design defect as opposed to a manufacturer's defect. The Court found that the manufacturer's use of yellow brass for the hose barb was not covered by the term "manufacturer's defect" in the Policy. In addition, the Court found coverage for the "pump out" of the vessel at the breakdown site as it qualified as emergency services as defined in the Policy ("Pump-Out Services"). Accordingly, the Court ordered St. Paul to pay $7,500 - the policy limit for emergency services - to Lago as partial reimbursement of that expense.

Lago appealed this Court's judgment to the Eleventh Circuit. On March 6, 2009, the Eleventh Circuit Court of Appeals issued an opinion which vacated this Court's judgment in favor of St. Paul and remanded the case to this Court for further proceedings as to the alleged "manufacturer's defect" and prejudgment interest issues.

## II. DISCUSSION

### A. The Motion to Vacate Is Granted

At the same time Lago filed its notice of appeal, Lago also filed a motion for attorney's fees pursuant to § 627.428, Florida Statutes.[2]  St. Paul, meanwhile, filed a motion for costs because it was the prevailing party at trial.  On January 26, 2009, the Court issued its Order Granting in Part Defendant's Motion for Attorney's Fees and Granting Plaintiff's Verified Bill of Costs [DE 298] ("Order").  The Order culminated in a separate Final Judgment that awarded $4,575.00 to Lago in attorneys' fees and $17,330.19 to St. Paul in costs.  See DE 299.

On January 30, 2009, St. Paul sent a letter to Lago suggesting that Lago "satisfy its judgment to St. Paul by offsetting the sum awarded to it . . . from the judgment issued against it . . . for a net payment . . . of $12,755.19, with any applicable accrued interest rate, as suggested by the Court in its Order."  DE 311-2.  On February 27, 2009, Lago filed its Notice of Consent to Setoff [DE 300].

Thereafter, the Eleventh Circuit rendered its decision vacating this Court's ruling on the coverage issue.  Consequently, on July 7, 2009, Lago filed the Motion to Vacate, seeking to vacate the award of costs to St. Paul.

---

[2]  Section 627.428, Florida Statutes, provides in relevant part as follows: "(1) Upon the rendition of a judgment . . . against an insurer and in favor of any named or omnibus insured . . . the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's . . . attorney." Although Defendant did not prevail on its argument that the $1.2 million in damages were covered under the policy, the Court determined that because Defendant obtained a Commercial Towing/Emergency Services Judgment against its insurer, it was entitled to attorney's fees under Fla. Stat. § 627.428(1).  See DE 298 at 4.

3

The Motion to Vacate contends that because the Eleventh Circuit "vacated this Court's rulings on the issues of coverage and remanded the case for further proceedings[,] the award of costs to St. Paul as the prevailing party should now also be vacated."  Motion to Vacate ¶¶ 5-7.  Lago maintains that Rule 60(b)(5), Federal Rules of Civil Procedure, expressly authorizes such relief.

Rule 60(b)(5), Federal Rules of Civil Procedure, provides that the Court may relieve a party from a final judgment, order, or proceeding if "it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Notwithstanding, "[a] party may not use Rule 60 as a substitute for a timely and proper appeal."  Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982).

Here, the Court awarded costs to St. Paul as the prevailing party.  Lago maintains the award of costs was premised upon the Court's prior Final Judgment in favor of St. Paul on the coverage issue.  Because the Eleventh Circuit vacated this Court's judgment on the coverage issue, Lago argues that this Court should vacate the Final Judgment awarding costs to St. Paul.

St. Paul argues in its response that the Court should not set aside the award because the parties entered an agreement, independent of the Court's Final Judgment, to set-off the award of attorneys' fees in favor of Lago against the award of costs in favor of St. Paul.  See DE 300 ("Notice of Consent to Setoff").  St. Paul correctly asserts that the Court cannot use Rule 60(b) to provide affirmative relief in addition to the relief contained in the prior order or judgment.  St. Paul further contends that "[w]hile Lago's obligation to pay the money judgment stems from this Court's Award, which it now

4

seeks to vacate, Lago has gone further and has created a vehicle by which it has created a new obligation to pay the costs award." DE 311 at 4.

The Court need not determine whether Lago has "created a vehicle by which it has created a new obligation to pay the costs award." Id.  The Motion to Vacate makes no reference to the Notice of Consent to Setoff.  The Motion to Vacate seeks only to vacate this Court's award of costs to St. Paul.  If St. Paul believes it has an enforceable right to the award of costs, independent of the Final Judgment, disposition of the Motion to Vacate should not affect St. Paul's ability to enforce such a right.[3]

St. Paul also argues that "the costs that were awarded to St. Paul are relevant to the issues raised in the trial court and not the issues that are being remanded by the appellate court." DE 311 at 8.  The Court disagrees.  Although the Eleventh Circuit affirmed several of this Court's specific findings, those findings did not result in an award of costs to St. Paul.  Rather, the Court awarded costs to St. Paul because St. Paul prevailed on the coverage issue.

Now, however, the Eleventh Circuit's mandate requires this Court to reevaluate the coverage issue.  Thus, for the time being, neither party is the prevailing party and neither party is entitled to an award of costs.  If, after trial, the Court resolves the issue in St. Paul's favor, St. Paul may move for costs at that time.  In the meantime, the Court will grant the Motion to Vacate.

---

[3] The Court notes that the Notice of Consent to Setoff is "without prejudice to Defendant Lago Canyon's right to seek subsequent relief pursuant to Rule 60(b)(5)."

## B. The Motion for Prejudgment Interest Is Granted

On June 11, 2009, this Court entered a Scheduling Order [DE 306]. Among other things, the Scheduling Order directed the parties to file any motions pertaining to prejudgment interest by July 15, 2009. Thereafter, on July 14, 2009, St. Paul filed Plaintiff's Memorandum in Opposition to Defendant's Claim for Prejudgment Interest on Amount Awarded for Commercial Towing/Emergency Services [DE 312].[4] On July 15, 2009, Lago moved this Court "for an award of prejudgment interest on any principal sums awarded to it in this action." Motion for Prejudgment Interest at 1.

"As a general rule, prejudgment interest should be awarded in admiralty cases. Prejudgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his." Ins. Co. of N. Am. v. M/V Ocean Lynx, 901 F.2d 934, 942 (11th Cir. 1990). Nonetheless, such an award is not automatic. City of Milwaukee v. Cement Div. Nat'l Gypsum Co., 515 U.S. 189, 196 (1995). Whether interest on damages should be allowed depends upon the circumstances of each case and rests in the discretion of the Court. Id. Indeed, a district court has discretion to deny prejudgment interest when there are "peculiar circumstances" that make it inequitable for the losing party to pay prejudgment interest. Self v. Great Lakes Dredge & Dock Co., 832 F.2d 1540, 1550 (11th Cir. 1987) (citation omitted).

Here, St. Paul argues that it would be inequitable to award prejudgment interest for the reimbursement of Pump-Out Services to Lago. Specifically, St. Paul maintains that Lago's pleadings, along with Lago's proposed findings of fact and conclusions of

---

[4] Although Plaintiff's Opposition is styled as a response, Defendant filed no motion for prejudgment interest prior to July 15, 2009.

law, suggested that Lago sought reimbursement for the Pump-Out Services as a covered loss.  St. Paul, therefore, contends that it prepared to defend only the coverage issue.  In actuality, the Policy provided for such reimbursement only if the loss was *not* a covered loss.

In support of its argument, St. Paul points to Lago's proposed findings of fact and conclusions of law.  Lago's pre-trial proposed findings of fact and conclusions of law asserted that "[t]he Policy also provide[s] coverage for St. Paul to pay up to $7,500 for Commercial Towing/Emergency service to tow the Vessel to the nearest facility where proper repairs could be made."  DE 250 § 6.  After trial, Lago's revised proposed findings of fact and conclusions of law stated that "[t]he Policy also provide[s] coverage for St. Paul to pay up to $7,500 for Commercial Towing/Emergency service to tow the Vessel to the nearest facility where proper repairs could be made, *if the yacht is disabled by cause other than a covered loss.*"  DE 268 § 8 (emphasis added).  Based on Lago's post-trial clarification of its position, St. Paul contends that the Court should not award prejudgment interest to Lago because "[t]he Defendant's inexcusable delay in presenting its claim has severely prejudiced St. Paul's ability to defend against it."  DE 312 at 4.  The Court finds St. Paul's argument unavailing.

Lago put St. Paul on notice that it was seeking reimbursement for the Pump-Out Services before trial began.  Moreover, the Court presumes St. Paul was familiar with the terms of the Policy it issued to Lago.  Accordingly, St. Paul suffered little, if any, prejudice when Lago sought reimbursement for the Pump-Out Services.  There are no peculiar circumstances that would require deviation from the general rule.  Therefore, the Court will grant the Motion for Prejudgment Interest.

## **C. The Motion to Amend Is Denied**

On July 31, 2009, Lago moved to amend its second affirmative defense to St. Paul's complaint for declaratory relief.[5]  Lago maintains that "although it believes its Second Affirmative Defense as plead satisfies the requirements of notice pleading under federal practice, an orderly presentation of the issues in this case would be facilitated by alleging this defense with greater particularity."[6]  Motion to Amend ¶ 3.

On August 12, 2009, St. Paul filed an opposition to the Motion to Amend.  St. Paul argues that to the extent the amendment seeks to frame any additional issues outside the issues remanded by the Eleventh Circuit, the amendment violates the law of the case.  Alternatively, St. Paul argues, if the amendment *does not* seek in some

---

[5] Rule 15(a)(2), Federal Rules of Civil Procedure, provides that a party that has already been served with a responsive pleading may amend its pleading before trial "only with the opposing party's written consent or the court's leave."  The Rule further provides that "[t]he court should freely give leave when justice so requires."  Id.

[6] Lago's second affirmative defense, entitled "Covered Risk," alleges that "[t]he sinking was caused by one or more contributing factors which were covered risks under the policy."  DE 5 at 3-4.  Lago seeks to amend that defense to allege the following:

> The sinking was caused by one or more contributing factors which were covered risks under the policy, including as the proximate or efficient cause, whether by conscious decision or by lack of care in design and/or production of the Vessel and its components, the use by Sunseeker of a material unsuitable for a marine saltwater environment for a hose barb, exposed to flowing seawater, coupled to a larger stainless steel pipe, located where it was difficult to inspect, and covered by a hose so that its composition and condition were not readily ascertainable, which hose barb was therefore subject to premature dezincification and galvanic action not readily discoverable upon inspection, which represented a "manufacturer's defect" for which the subject policy of insurance provides affirmative coverage.

Motion to Amend ¶ 4.

respect to expand, limit, enhance, explain, or otherwise affect the Eleventh Circuit's mandate, then the amendment would be futile. Either way, St. Paul contends, the Court must deny the Motion to Amend. The Court agrees.

After Lago appealed the Court's rulings to the Eleventh Circuit, the Eleventh Circuit found that this Court erred when it concluded that a design defect was not a manufacturer's design defect. The Eleventh Circuit found that the phrase "manufacturer's defect" as used in the Policy includes "defects attributable to the manufacturer whether in the manufacturer's design or manufacturing of the product." DE 301 at 18. Because this Court did not construe the policy to cover loss attributable to the manufacturer's design defect, this Court did not determine whether "the use of yellow brass rose to the level of a manufacturer's design defect and, if so, what impact this had on the multiple causation issues in the case and the court's other fact findings." Id. at 19. Consequently, the Eleventh Circuit remanded the case to this Court for further proceedings on two narrow issues. Id. at 20-21 ("[W]e affirm the district court's rulings except as to the issue of the 'manufacturer's defect' and prejudgment interest on the towing charges.").

Thus, to the extent that Lago's proposed amendment attempts in any manner to qualify the description of the Eleventh Circuit's mandate, it is in derogation of the law of the case. See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 741 (11th Cir. 2006). Alternatively, to the extent that Lago's proposed amendment does not modify the Eleventh Circuit's mandate, the amendment would be futile. Because amendment of Lago's Second Affirmative Defense would either be in derogation of the law of the case or be futile, the Court will deny the Motion to Amend.

9

### III. CONCLUSION

In light of the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Vacate Final Judgment Awarding Costs and Order Granting Plaintiffs' Verified Bill of Costs [DE 310] is **GRANTED**.

2. Defendant's Motion for Award of Prejudgment Interest [DE 314] is **GRANTED**. Defendant Lago Canyon, Inc. shall file a motion by no later than October 1, 2009 stating the applicable prejudgment interest.

3. Defendant's Motion to Amend its Second Affirmative Defense to Counts I and II of Plaintiff's Complaint [DE 317] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of September, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.