UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 06-60889-CIV-COHN/SELTZER

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

        Plaintiff/Counter-Defendant,

vs.

LAGO CANYON, INC.

        Defendant/Counter-Plaintiff

_____/

## ORDER GRANTING MOTION TO LIMIT THE TESTIMONY OF DEFENDANT LAGO CANYON, INC.'S EXPERT KENNETH FISHER

**THIS CAUSE** is before the Court upon Plaintiff St. Paul Fire and Marine

Insurance Company's Motion to Limit the Testimony of Defendant Lago Canyon, Inc.'s

Expert Kenneth Fisher [DE 326] ("Motion").  The Court has carefully reviewed the

Motion, Defendant's Response in Opposition to Plaintiff's Motion to Limit the Testimony

of Kenneth Fisher, Ph.D. [DE 332], Plaintiff's Reply to Defendant's Response in

Opposition to Plaintiff's Motion to Limit the Testimony of Kenneth Fisher, Ph.D. [DE

339], and is otherwise fully advised in the premises.

### I. BACKGROUND

Defendant Lago Canyon, Inc. ("Lago") owns a yacht that partially sank at a dock

while undergoing engine repairs, causing over $1.2 million in damages.  Plaintiff, St.

Paul filed a complaint for a declaratory judgment to determine coverage under a marine

insurance policy it had issued to Lago ("the Policy").  Lago counterclaimed for breach of

the Policy.

After a three-day bench trial, the Court found the following: (1) the proximate cause of the damage was the failure of a brass hose barb which resulted from corrosion, (2) the Policy specifically excluded corrosion, and (3) a provable manufacturer's defect was not shown.  The Court, however, did find that the manufacturer's use of yellow brass for the hose barb, knowing its exposure to saltwater, created a condition likely to cause corrosion.  This was considered by the Court as a design defect as opposed to a manufacturer's defect.  The Court found that the manufacturer's use of yellow brass for the hose barb was not covered by the term "manufacturer's defect" in the Policy.

Lago appealed this Court's judgment.  The Eleventh Circuit found that this Court erred when it concluded that a design defect was not a manufacturer's design defect. The Eleventh Circuit concluded that the phrase "manufacturer's defect" as used in the Policy includes "defects attributable to the manufacturer whether in the manufacturer's design or manufacturing of the product."  DE 301 at 18.  Because this Court did not construe the policy to cover loss attributable to the manufacturer's design defect, this Court did not determine whether "the use of yellow brass rose to the level of a manufacturer's design defect and, if so, what impact this had on the multiple causation issues in the case and the court's other fact findings."  Id. at 19.

The Eleventh Circuit vacated this Court's judgment in favor of St. Paul and remanded the case to this Court "for further bench trial proceedings as to the alleged 'manufacturer's defect' and prejudgment interest issues."  On remand, Defendant intends to call Dr. Kenneth Fisher as an expert to testify regarding the manufacturer's

defect issue.  Plaintiff seeks to limit Dr. Fisher's testimony.

## II. DISCUSSION

As noted above, Dr. Fisher's proposed testimony relates to the manufacturer's defect issue.  Plaintiff contends, "to the extent that [Defendant], through Kenneth Fisher's testimony, seeks to amplify, expand or otherwise enlarge the parameters of the description of the issues to be tried on remand[,] it is in derogation of the existing law of this Circuit."  Motion at 4.  The Court agrees.  The doctrine of the "law of the case" limits Dr. Fisher's testimony to the specific issue of the manufacturer's defect.

The doctrine of the "law of the case" provides that a ruling from a federal court "not only establishes a precedent for subsequent cases under the doctrine of *stare decisis*," but also establishes "the law which . . . it itself will, normally, apply to the same issues in subsequent proceedings in the same case."  Morrow v. Dillard, 580 F.2d 1284, 1289 (5th Cir. 1978) (internal quotation omitted).  The doctrine is "'based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter.'"  Id. (quoting United States v. U.S. Smelting Refining & Mining Co., 339 U.S. 186, 198 (1950)).  Stated differently, the law of the case requires that once an issue has been decided at one stage of a case, that decision is binding at later stages of the same case.  United States v. Escobar-Urrego, 110 F.3d 1556 (11th Cir. 1997).

Here, the Eleventh Circuit remanded this case "for further bench trial proceedings consistent with this Court's ruling as to the 'manufacturer's defect' issue."  DE 301.  Thus, if Defendant's proposed expert attempts to give testimony that goes beyond the issues addressed by the Eleventh Circuit's mandate, such testimony would be in derogation of the law of the case.  See Parker v. Scrap Metal Processors, Inc.,

468 F.3d 733, 741 (11th Cir. 2006).  Dr. Fisher, therefore, may offer testimony

regarding only whether "the use of yellow brass rose to the level of a manufacturer's

design defect."  DE 301 at 19.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff St. Paul

Fire and Marine Insurance Company's Motion to Limit the Testimony of Defendant Lago

Canyon, Inc.'s Expert Kenneth Fisher [DE 326] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 1st day of December, 2009.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.